PER CURIAM.
Glenn Walter Major appeals his conviction of the offense of aggravated battery with a firearm, following his trial on the original charge of attempted second degree murder. He also appeals that portion of the sentence that imposes $200 in court costs, or in the alternative, compels the performance of community service hours. We affirm on the conviction, but reverse on the imposition of costs.
Appellant’s first point claims error in the trial court’s declaring the witness Gerald Rolle, having been called by the state, to be declared an adverse witness pursuant to the state’s request part way through the direct examination. We find no error in the trial court’s ruling, and in the alternative, would find that even if it were to be error, it would be harmless error within the context of State v. DiGuilio, 491 So.2d 1129 (Fla.1986).
The second point raised by appellant is whether the trial court erred by giving a jury instruction and allowing on the verdict form the offense of aggravated battery with a firearm as a lesser included offense of attempted second degree murder. Again we find no error and affirm on this point.
However, as to appellant’s third point, we find error and reverse the imposition of costs or alternative community service hours, in light of the failure of the trial court to conduct an appropriate hearing as to appellant’s ability to respond to such costs. Appellee concedes the error. Sirmons v. State, 405 So.2d 310 (Fla. 4th DCA 1981).
LETTS and POLEN, JJ., and KANAREK, PAUL, Associate Judge, concur.